UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 4:22-cr-00428-MTS |
| GREGORY FLUELLEN, ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Gregory Fluellen's filing titled "Motion to Run Sentence Concurrently Pursuant to U.S.S.G. § 5G1.3(b)(1)(2)." For the reasons discussed below, the Court will deny the motion.

**I.     Background**

Movant is a self-represented litigant who is currently incarcerated at FCI Marion in Marion, Illinois. His current release date is June 22, 2029.[1] On March 7, 2023, Defendant pleaded guilty to one count of felon in possession of a firearm in 4:22-cr-00428-MTS.[2] On June 6, 2023, Defendant was sentenced to 77 months of imprisonment, a variance below the guideline range of 84 to 105 months.[3] At the same time, a supervised release revocation sentence of 21 months was imposed in

---

[1] https://www.bop.gov/inmateloc/ (last visited February 4, 2026).
[2] Judge Ronnie L. White presided over the change of plea hearing and sentencing hearing in this matter. He has since retired.
[3] The sentence was jointly recommended by the parties, pursuant to the plea agreement. Doc. [33] at 8. The plea agreement also stated that, "[i]n the event the court accepts the plea and sentences Defendant consistent with or below the parties' jointly recommended sentence of 77 months, then, as part of this agreement, Defendant hereby waives all rights to appeal all sentencing issues other than Criminal History." *Id*. In the plea agreement Defendant also agreed to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including pursuant to 28 U.S.C. § 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel. *Id*.


4:16-cr-00132-RLW, the sentence to run consecutively to his sentence in 4:22-cr-00428-MTS.[4] On February 14, 2025, Defendant filed the Motion presently before the Court.

## II.     Discussion

Defendant seeks to have this Court "run the sentence of confinement imposed for the instant offense concurrent with the sentence imposed for the violation of supervised release," to "conform to the respective guideline under § 5G1.3." Doc. [47]. However, "[t]ypically, a federal inmate must challenge a conviction or sentence through a § 2255 motion to vacate." *Jones v. Hendrix*, 8 F.4th 683, 686 (8th Cir. 2021) (internal quotations omitted).

Here, Defendant did not file a direct appeal or a § 2255 motion and the statute of limitations for § 2255 has expired. Motions brought pursuant to § 2255 are subject to a one-year limitations period. *Peden v. United States*, 914 F.3d 1151, 1152 (8th Cir. 2019). The limitations period runs from the latest of four dates: (1) the date on which the judgment of conviction becomes final; (2) the date on which a governmentally created impediment to a motion is removed; (3) the date on which a right asserted was newly recognized by the Supreme Court and made retroactive; or (4) the date on which the facts supporting the claim presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255. The only date applicable to Defendant is that of the judgment of conviction. Pursuant to § 2255(f)(1), the one-year limitations period runs from "the date on which the judgment of conviction becomes final." An unappealed criminal judgment

---

[4] Paragraph 89 of the presentence investigation report (which notably was accepted by defendant as no objections were filed) states, "[i]f the defendant's supervised release is revoked, he would be subject to an undischarged term of imprisonment, and the provisions of U.S.S.G. § 5G1.3 may apply. Specifically, the defendant's supervised release under Docket No. 4:16-cr-00132-RLW is pending revocation, and he was on supervised release at the time of the instant offense." Doc. [37] at 21. "Pursuant to U.S.S.G. § 5G1.3(d), the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment. Pursuant to Application Note 4(C) of this Section, the United States Sentencing Commission recommends that the sentence for the instant offense be imposed consecutively to the sentence imposed for the revocation in order to achieve an incremental punishment for both the instant offense and the violation of supervised release." *Id.*

becomes final when the time for filing a direct appeal expires. *See Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005). In this instance, Defendant's notice of appeal must have been filed in the district court within fourteen days after the entry of the judgment. Fed. R. App. P. 4(b)(1). Defendant's judgment was entered on June 6, 2023. From that point, he had fourteen days to file an appeal, which he did not do. The fourteen-day deadline expired on June 20, 2023, and his judgment became final. Under § 2255(f)(1), Defendant then had one year to timely file a § 2255 motion which he did not do.[5] On February 14, 2025, Defendant filed the Motion at hand. However, this Court does not know of any other avenue for the relief he seeks. *See United States v. Johnson*, 4:11-cr-378-SEP, 2025 WL 71856 (E.D. Mo. Jan. 10, 2025) (analyzing motion to modify a sentence after it is imposed under 18 U.S.C. § 3582).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Run Sentence Concurrently Pursuant to U.S.S.G. § 5G1.3(b)(1)(2), is **DENIED**.

Dated this 4th day of February, 2026

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[5] Even if Defendant had filed a timely § 2255 motion, Defendant waived his right to appeal all sentencing issues other than criminal history or to contest his conviction or sentence in any post-conviction proceeding, including one pursuant to § 2255. Doc. [33] at 8.